IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT LEWIS,
an individual,

    Plaintiff,

v.   Case No.:

TEGNA, INC., a Delaware corporation,
and TEGNA EAST COAST
BROADCASTING, LLC, a Delaware
limited liability company,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ROBERT LEWIS ("Lewis"), by and through undersigned counsel, sues Defendants TEGNA, INC. ("TEGNA") and TEGNA EAST COAST BROADCASTING, LLC ("East Coast") (collectively, TEGNA and East Coast will be referred to as "Defendants") and alleges:

**JURISDICTION**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331; 28 U.S.C. 1343; 28 U.S.C. §1367(a); and 42 U.S.C. 2000e, et seq. (Title VII of the Civil Rights Act of 1964), as amended by the Civil Rights Act of 1991.

2. At all relevant times, TEGNA was an employer engaged in an industry affecting interstate commerce as defined by 42 U.S.C. 2000e(b).

3. At all relevant times, East Coast was an employer engaged in an industry affecting interstate commerce as defined by 42 U.S.C. 2000e(b).

4. At all relevant times, Lewis was an employee employed by TEGNA or East Coast as defined by 42 U.S.C. 2000e(f).

5. All conditions precedent to the filing of this action have occurred or been waived. Specifically, Lewis timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the EEOC issued a Notice of Rights on November 26, 2023.

## VENUE

6. Venue is appropriate in this judicial district pursuant to 28 U.S.C. 1391(b).

7. Lewis is a natural person who resides in this district and state as defined by 28 U.S.C. 1391(b) and (c).

8. TEGNA is a Delaware corporation doing business in the State of Florida and in this district as defined by 28 U.S.C. 1391 (b), (c), and (d).

9. East Coast is a Delaware limited liability company doing business in the State of Florida and in this district as defined by 28 U.S.C. 1391 (b), (c), and (d).

10. All or substantially all of the events or omissions giving rise to these claims occurred in this district as defined by 28 U.S.C. 1391(b)(2).

**FACTS**

11. TEGNA owns WTSP Channel 10 ("the Station"), a television broadcast station physically located in Pinellas County, Florida and broadcasting throughout the Tampa Bay metropolitan area.

12. East Coast is a Delaware limited liability company that is wholly owned by TEGNA. TEGNA is the manager of East Coast as the term "manager" is defined by Delaware Code Title 6, §18-101(10). East Coast operates the Station under the direction of TEGNA officers and employees. All material decisions and actions by East Coast that are alleged herein were made by TEGNA officers and employees.

13. At all times material hereto, TEGNA employed more than 500 employees. At all times material hereto, East Coast employed more than 500 employees.

14. Lewis began working at the Station in 2012 as a "multiskilled journalist".

15. On or about July 26, 2021, Lewis and East Coast entered into a written employment agreement ("the Contract") whereby East Coast agreed to continue

3

employing Lewis and Lewis agreed to continue working for East Coast for a period of three (3) years. The effective date of the Contract is August 2, 2021. A copy of the Contract is attached hereto as Composite Exhibit "A".

16. Lewis received excellent reviews of his work from his supervisors. Further, Lewis was publicly recognized for his quality on-air work by industry leaders. While working at the Station, Lewis was nominated for twelve (12) Suncoast Regional EMMY® Awards and won six (6) Suncoast Regional EMMY® Awards.

17. Until the last events described below, Lewis was never demoted, suspended, formally reprimanded, or otherwise disciplined in any way by his supervisors.

18. As the Station adjusted to operating during the COVID-19 pandemic, Defendants developed a set of procedures and policies for its on-air talent and reporters in the field to perform their job responsibilities ("the Pre-Vaccine Procedures"). While those procedures and policies were certainly less convenient than pre-pandemic procedures and policies, they were consistent with what was known at the time about the COVID-19 virus and offered ample protection to those involved.

19. The Pre-Vaccine Procedures did not impose a significant increase in costs on Defendants.

20. On or about September 13, 2021, Defendants notified all employees of the Station that all employees would need to be vaccinated with the COVID-19 vaccinations ("the Vaccine Mandate"). Although Defendants allegedly provided medical and religious exemptions to some employees if those employees agreed to comply with specific masking and testing requirements, Defendants specifically stated no medical or religious exemptions would be provided to Lewis.

21. Lewis submitted to Defendants a written request for a religious exemption from the Vaccine Mandate based on his good faith religious beliefs. In his written request, Lewis agreed to continue to comply with the Pre-Vaccine Procedures.

22. Notwithstanding Lewis's expressed willingness to comply with the Pre-Vaccine Procedures that (a) had proved workable, (b) had previously been accepted as sufficient to protect the health of all involved, and (c) had not imposed a significant increase in costs on Defendants, Defendants notified Lewis they would terminate him.

23. Defendants unjustifiably refused Lewis's request for an accommodation and terminated him.

## COUNT I

## Federal Civil Rights Act

24. This is a claim against Defendants for discrimination based upon religion brought under 42 U.S.C. §2000e *et seq.*

25. Lewis realleges and incorporates herein the allegations of Paragraphs One through Twenty-Three above.

26. Defendants engaged in intentional discrimination based on religion by terminating Lewis because Lewis would not get the COVID-19 vaccines.

27. Defendants failed to offer Lewis any accommodation even though the Pre-Vaccine Procedures provided an accommodation that would not impose a significant increase in Defendants' costs.

28. Defendants therefore fired Lewis because of his beliefs, not because accommodations were not available.

29. Defendants' actions violated 42 U.S.C. §2000e, *et seq.*

30. Defendants' discrimination caused Lewis to suffer lost wages, lost bonuses and other benefits, job search expenses, other economic damages, damages to his professional reputation, humiliation, loss of dignity, and other non-economic injuries.

31. Lewis has retained the undersigned attorney and is obligated to pay him a reasonable fee for his services. Defendants are obligated to pay those fees under 42 U.S.C. §1981, 42 U.S.C. §2000e et seq., and other applicable laws.

WHEREFORE, Lewis demands judgment against Defendants for compensatory damages, consequential damages, attorneys' fees, costs, and such further relief as the Court deems just and proper.

## COUNT II

### Florida Civil Rights Act

32. This is an action against Defendants for violation of the Florida Civil Rights Act ("FCRA") Fla.Stat. §760.10, *et seq.*

33. This claim arises from the core of facts so relevant to the federal claims alleged above that they form the same case or controversy. Therefore, this Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367(a).

34. Lewis realleges and incorporates herein the allegations of Paragraphs One through Twenty-Three above.

35. Lewis is a member of a protected class under FCRA.

36. Defendants subjected Lewis to disparate treatment based on his religion.

37. Defendants violated the FCRA by terminating Lewis for refusing to get the COVID-19 vaccines without effectively providing a reasonable accommodation.

38. Defendants' actions were intentional, willful, and done with malice as demonstrated above.

39. Lewis has suffered damages as a result of Defendants' violations of FCRA, including but not limited to lost wages, lost bonuses and other benefits, damage to professional reputation, job search expenses, other economic damages, humiliation, loss of dignity, and other non-economic injuries.

40. Defendants' actions were committed with such maliciousness, wantonness, or oppression as to justify an award of punitive damages.

41. Lewis has retained the undersigned attorney and is obligated to pay him a reasonable fee for his services. Defendants are obligated to pay those fees under Fla. Stat. §760.11(5) and other applicable laws.

WHEREFORE, Lewis demands judgment against Defendants for compensatory damages, consequential damages, liquidated damages, punitive damages, attorneys' fees, costs, and such further relief as the Court deems just and proper.

## COUNT III

## Breach of Contract

42. This is an action against Defendant East Coast for breach of contract.

43. This claim arises from the core of facts so relevant to the federal claims alleged above that they form the same case or controversy. Therefore, this Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367(a).

44. Lewis realleges and incorporates herein the allegations of Paragraphs One through Twenty-Three above.

45. Lewis fully performed his obligations under the Contract and agreed to continue to perform under the terms of the Contract.

46. Defendant East Coast breached the Contract by terminating the Contract without valid cause.

47. Lewis has suffered damages as a direct and proximate result of the unjustified breach of the Contract by Defendant East Coast.

WHEREFORE, Lewis demands judgment against Defendant East Coast for compensatory damages, consequential damages, costs, and such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Lewis hereby demands trial by jury for all claims so triable.

                        GARY L. BUTLER, PA

          By: ___/s/ *Gary L. Butler*_____
                Gary L. Butler, Esq.
                Florida Bar No.: 628999
                Post Office Box 4575
                Seminole, FL 33775
                Telephone: (727) 623-0460
                Facsimile: (727) 214-1204
                gary@glbutler.com
Attorney for Plaintiff